UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**HAROLD D. HILL,**           ]
                              ]
   Plaintiff,             ]
                              ]
vs.                           ]     CV 12-J-2055-NE
                              ]
**MICHAEL J. ASTRUE,**        ]
**Commissioner of the Social** ]
**Security Administration**,  ]
                              ]
   Defendant.             ]

## MEMORANDUM OPINION

The plaintiff appeals from the decision of the Commissioner of Social Security denying him Disability Insurance Benefits and Supplemental Security Income. The case is now properly before the court. See 42 U.S.C. § 405.

At the time of the hearing before the Administrative Law Judge ("ALJ"), the plaintiff was 52 years old, having been born July 25, 1958 (R. 60) and had completed the eighth grade, in what he described as a "last chance school" (R. 68-69). He alleges an inability to work due to back pain, being a slow learner, leg pain and muscle spasms (R. 144). The ALJ found that the plaintiff has the severe impairment of disorder of the back, but no impairment or combination of impairments which meets or medically equals any of the impairments listed in Appendix 1 of Subpart P, 20 CFR Part 404 (R. 40-41). He found that the plaintiff had the residual functional capacity to perform a limited range of medium work, which did not preclude his past relevant work (R. 43). Additionally, the ALJ ruled in the alternative that the plaintiff could perform other work for which jobs existed in significant

numbers in the regional and national economy (R. 43-44).  The ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act (R. 44).

The plaintiff argues that he meets Listing 12.02,[1] and the Commissioner's failure to develop the record in this regard was in error.  Plaintiff's memorandum at 7-9.  The court notes that the plaintiff failed to allege he met that Listing, or that he suffered from an organic brain disorder, at any time prior to this appeal, including at his hearing, where he was represented by counsel.[2]  Additionally, there is no evidence in the record to support such an allegation.  Although the plaintiff now argues that the ALJ failed to develop a full record because of his failure to obtain evidence which would support such a claim, the plaintiff does not allege that any such evidence even exists, or that some specific record could have been obtained by the Commissioner, but was not.  Furthermore, the plaintiff recognizes that the Commissioner attempted to obtain additional information, both from the plaintiff and from a third party, to evaluate whether the plaintiff met Listing 12.02, but argues "because of the plaintiff's functional illiteracy and possibly because of the underlying organic mental impairment itself the claimant was not able to comply with these requests and the representative of the Social Security Administration gave up and denied the plaintiff's claim..."  Plaintiff's memorandum, at 8.  Thus, the plaintiff faults the

---

[1] Listing 12.02 requires evidence of loss of specific cognitive abilities and medically documented persistence of at least one limitation in the "A" portion of the Listing, plus evidence of one of the "B" portion, those being marked restrictions in daily living, marked difficulties maintaining social functioning, marked difficulties in maintaining concentration, persistence or pace, or repeated episodes of decompensation, or evidence of the "C" portion, specifically "medically documented history of a chronic organic mental disorder of at least 2 years duration..." plus either repeated episodes of decompensation, a residual disease process, or a current history of 1 or more years' inability to function outside a highly supportive living arrangement.  *See* Listing 12.02, 20 CFR Part 404, Subpart P, App. 1.

[2] At the hearing, plaintiff's counsel asserted that plaintiff was disabled "due to his back problems and the symptoms that result from that that he lacks the ability to maintain work at any level higher than the sedentary level due to his inability to walk the requirements of lighter, greater work and therefore he would grid at 201.09 where his past work, unskilled, 201.11, where his work skilled to semiskilled with no transferable skills" (R. 59-60).

Commissioner not only for not further developing the record in this regard, but also for "giving up" when neither plaintiff nor a third party would provide additional information.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining: 1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and 2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir.1984).

The court finds that, given the arguments of the plaintiff, the case of *Ellison v. Barnhart* is particularly instructive. There, the Eleventh Circuit Court of Appeals stated:

> It is well-established that the ALJ has a basic duty to develop a full and fair record. 20 C.F.R. § 416.912(d) (stating that "[b]efore we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application"); *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir.1995). Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim. *See* 20 C.F.R. § 416.912(a) (stating that "[claimant] must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"); 20 C.F.R. § 416.912(c) (stating "[y]our responsibility. You must provide medical evidence showing that you have an

impairment(s) and how severe it is during the time you say you are disabled").

*Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir.2003). See also *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir.2005) ("An individual claiming Social Security disability benefits must prove that she is disabled."). To date, the plaintiff has provided no evidence, or even a suggestion that such evidence exists, to support his claim of disability based on Listing 12.02.

Having scrutinized the record in its entirety, the court has determined that the decision of the ALJ is reasonable and supported by the facts and evidence in the record. Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

Done, this 13th of December, 2012

	 	 	 	 	 	 	 	_____
	 	 	 	 	 	 	 	INGE PRYTZ JOHNSON
	 	 	 	 	 	 	 	U.S. DISTRICT JUDGE